MANEGOLD and another, Respondents, vs. GRANGE, imp., Appellant.

*January 14 — January 31, 1888.*

*(1) Partnership: Evidence: Court and jury. (2) Form of action: Waiver.*

1. In an action against two joint owners of a vessel, engaged in trading between different ports, to recover the value of a cargo sold and delivered to the captain, who was one of said owners, it was shown that the other owner admitted the partnership after the sale had been made, and that he was to receive a share of the earnings of the boat. There was also evidence tending to show that he or his agent knew of the business carried on by the captain, and that the plaintiff dealt with the latter on the supposition that he had a partner in the business, and did not rely solely on the credit of the captain. *Held,* sufficient evidence to go to the jury upon the question of the liability of the other owner as a partner of the captain.

2. Where, in an action for the value of goods sold and delivered, the only question litigated on the trial was as to the existence of a copartnership between the defendants, and no exception was taken to a direction to the jury as to the amount of their verdict, any technical objection that as to a portion of the goods the action was not in the proper form must be deemed to have been waived.

APPEAL from the County Court of *Milwaukee* County.

Action to recover the value of goods alleged to have been sold and delivered to the defendants, Croissant and *Grange*, as copartners.  The defendant *Grange* answered separately, denying the partnership.  The trial resulted in a verdict in favor of the plaintiffs for $621.14, and from the judgment entered thereon the defendant *Grange* appealed.  Other facts are stated in the opinion.

For the appellant there was a brief by *Markham, Williams & Bright*, and oral argument by *Mr. Williams*.

For the respondents there was a brief by *Turner & Timlin*, and oral argument by *Mr. Turner*.

TAYLOR, J.  This action was brought to recover the value of a quantity of feed, oats, and middlings, and 532 sacks, alleged to have been sold by the respondents to the appellant and one Croissant as partners in business.  The evidence shows that the feed and other articles were sold to Croissant in person, the appellant not being present at the sale or having knowledge thereof at the time the sale was made. The evidence also shows that said Croissant and the appellant were joint owners of a small schooner named "Eliza," each owning one half thereof; that the schooner was run by Croissant in person, and was engaged in a trading business between the ports on Lake Michigan; that Croissant was accustomed to buy cargo for the schooner in one port, and transport it to another, and there sell it or trade it off for other property to be transported and sold in some other market.   The appellant admits that he was to have one half the earnings of the boat after paying the expenses, but denies that he had anything to do with the buying and selling of the cargo for said boat.

The only question litigated on the trial was whether the appellant was interested in the buying and selling of cargo by Croissant in the business in which the schooner was used

by him. The main contention of the learned counsel for the appellant, upon the hearing of the appeal, was that the court erred in not nonsuiting the plaintiff as to the appellant upon the closing of the plaintiff's evidence, and in not directing a verdict in favor of the appellant at the close of the evidence.

The learned county judge distinctly instructed the jury that the fact that the appellant was a part owner of the schooner with Croissant did not make him a partner in his purchasing and selling property which was loaded upon the schooner and transported by it for trading purposes. The language of the court is as follows: "The mere fact of their owning the vessel, that would not constitute a copartnership. There must be something stated beyond that. There must be evidence showing the fact whether there was a copartnership or not, and that is whether they were engaged together as copartners and doing business in the vessel that they owned jointly at the time, dealing in merchandise, selling it, and dividing the profits and sharing the losses. That must be shown on the part of the plaintiff by a preponderance of the testimony. It resolves itself to that question, and you are to decide that. You are the judges of the facts; I can only give you the law. I believe this bill sold was $759.29, upon which there was paid $200, leaving a balance of $559.29. Of course, the captain bought the goods, and the captain made the payment. The only question is whether he did it on his own account or on account of the copartners. If you find for the plaintiff, you will find this amount, with interest from May 5, 1885, at seven per cent." To the foregoing instructions no exceptions were taken by either party to the action.

If there was any evidence to go to the jury tending to prove a partnership in the trading business of the schooner, then the refusal to nonsuit or direct a verdict for the appellant was not error, and the instructions given were properly

given to the jury.    The learned county judge thought there was some evidence tending to prove the partnership; and, after a careful reading of the evidence, we think he was clearly right upon this question.    There was evidence that the defendant admitted the partnership after the sale had been made, and there is evidence at least tending to show that the brother of the appellant, who was the agent of the appellant in regard to the business of the schooner, knew of the kind of business which was being carried on by the captain of the schooner.    If the appellant or his agent knew of the business carried on by the captain of the schooner, and received the profits of said business, then he would be liable as a partner in any case where the party dealing with the captain did not give the entire credit to the captain. The evidence in this case tends to show that the plaintiffs dealt with the captain on the supposition that he had a partner in the business, and did not rely solely on the credit of the captain.

There being some evidence to sustain the verdict, and the county court having refused to set aside the verdict on the ground that it was clearly against the preponderance of the evidence, this court will not reverse the judgment for that cause.

It is urged that there should not have been a verdict for the value of the sacks, as they were not sold, but were to be returned to the plaintiffs.    No such objection was made or suggested on the trial.    The judge directed the jury as to the amount of their verdict if in favor of the plaintiffs, and to that direction no exception was taken.    It is too late now to raise that objection, even if the proofs had failed to make out a case for the value of the sacks.    If the defendants took the sacks under an agreement to return them to the plaintiffs, and afterwards sold them, the plaintiffs were entitled to recover the value of the sacks in some form of action.    And no exceptions having been taken to the in-

structions of the court that they could recover their value in this action, any technical objection to the form of the action must be deemed waived by the appellant.

*By the Court.*— The judgment of the county court is affirmed.